**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SHANNON DASSIG,** ***individually and as executrix of*** **STEPHEN KRUEGER,** ***deceased,*** | ) | |
| **Plaintiff,** | ) | **Case No. 21-cv-485-SMY** |
| **vs.** | ) | |
| **HONEYWELL INTERNATIONAL, INC.,** | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Stephen Krueger died from metastatic adenocarcinoma of the colon in 2019. His daughter, Shannon Dassig, individually and as executrix on behalf of Krueger, brings this wrongful death and property damage action against Defendant Honeywell International, Inc. ("Honeywell"), alleging Krueger's cancer was caused by his exposure to excessive levels of radiative and other toxic materials emanating from Honeywell's facility in Metropolis, Illinois. In the Complaint, Plaintiff asserts violations of the Price Anderson Act ("PAA"), 42 U.S.C. § 2210 *et seq*. (Count I) and alleges state law claims of negligence/gross negligence (Count II), ultra-hazardous activity/strict liability (Count III), and wrongful death (Count IV) (Doc. 1).

Now pending before the Court is Honeywell's Motion to Dismiss for Failure to State a Claim (Doc. 14). For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

## Background

The following facts are taken from Plaintiff's Complaint and are deemed true for the purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008):

Honeywell and its predecessor operated a nuclear plant on the outskirts of Metropolis, Illinois from 1959 until late 2017 (the "Plant"). The Plant processed uranium ore into uranium hexafluoride ("UF6"). The UF6 generated by the Plant was highly toxic radioactive gas that other facilities acquired for purposes of enriching or purifying into fuel for nuclear reactors or bombs. Honeywell's source term (and therefore dose) reporting was vastly underestimated due to the faulty and inadequate air monitoring system inside the Plant, its historic underreporting of emissions, violations of permits setting allowable emission limits from licensed stacks and vents, and worker accounts of regular leaks and spills. Even after operations ceased, the Plant continues to leak radioactive and hazardous contamination offsite into the Metropolis community through air and groundwater.

Decedent Stephen Krueger lived within 0.6 miles of the Plant. He did not know he was being exposed continuously for decades to air laden with radioactive particles and toxic chemicals blown out of the Plant into Krueger's home, neighborhood and community. Scientific analysis reveals levels of radiation in dust and soil samples from Krueger's property that far exceed the federal annual dose limits established in 10 CFR 20 for protection of the public. Soil sampling also reveals substantial levels of contamination to the surrounding environment far in excess of what Honeywell reported to federal regulators.

**Discussion**

The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon

which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Honeywell argues that Plaintiff's state-law negligence, strict liability and wrongful death claims are inconsistent with the PAA and must be dismissed. Honeywell further asserts that Plaintiff has failed to state a cognizable claim under the PAA.

***State Law Claims***

The Price Anderson Act was enacted in furtherance of the Atomic Energy Act of 1954, 42 U.S.C. § 2011, *et seq*., to encourage private investment in nuclear energy by ensuring that public funds are available to compensate affected parties in the event of a nuclear incident and to limit liability for such nuclear incidents. 42 U.S.C. § 2012; *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 64-65 (1978). At the time of its enactment, the Atomic Energy Act provided for the licensing of privately constructed and operated nuclear power plants that would be supervised by the Atomic Energy Commission (now the NRC). *Id*. at 63. The PAA subsequently required such licensed facilities to purchase private liability insurance in exchange for indemnification by the federal government for damages more than the amount covered by private insurance. *Id*. 64-5; 42 U.S.C. § 2210(a - c). Through various amendments, the funds used to compensate victims were broadened to include indemnification from a fund subsidized by nuclear reactor owners. *Id*.

In the Price-Anderson Amendments Act of 1988 ("Amendments Act"), Congress gave federal courts original jurisdiction over "any public liability action arising out of or resulting from

a nuclear incident." 42 U.S.C. § 2210(n)(2); *In re TMI Litigation Cases Consol. II*, 940 F.2d 832, 856-857 (3rd Cir. 1991). The Amendments Act further provides that "the substantive rules for decision in such action shall be derived from the law of the State in which the nuclear incident involved occurs, unless such law is inconsistent with [the Act]." 42 U.S.C. § 2014(hh). Thus, while there appears to be only one recognized federal claim for relief, several state law theories can be used to support the claim as long as they are not deemed inconsistent with the Act itself. *See In re TMI,* 67 F.3d 1103, 1106 (3d. Cir.1995); *O'Conner v. Commonwealth Edison Co.,* 13 F.3d 1090, 1099 (7th Cir. 1994). Generally, courts have held that claims of intentional torts, fraud, and negligence are not inconsistent with the PAA. *See Wilcox v. Homestake Mining Co,* 401 F.Supp.2d 1196, 1199–1200 (D.N.M. 2005) (collecting cases). Here, Plaintiff's Complaint alleges a PAA cause of action with sub-parts based on state law theories of negligence, strict liability, and wrongful death.

***Negligence/Gross Negligence*[1]**

To state a claim for negligence under Illinois law, a plaintiff must establish "the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Buechel v. United States*, 746 F.3d 753, 763–64 (7th Cir. 2014) (citing *Thompson v. Gordon*, 948 N.E.2d 39, 45 (2011)). Negligence claims are not inconsistent with the PAA as long as the standard of care is provided by the federal regulations. *O'Connor*, 13 F.3d at 1105.

In this case, Plaintiff has alleged a cause of action for negligence under the PAA utilizing the federal regulations as the standard of care. Specifically, Plaintiff alleges violations of the

[1] Illinois does not recognize gross negligence as an independent ground for recovery. *See Merit Ins. Co. v. Colao*, 603 F.2d 654, 659 (7th Cir. 1979). Accordingly, to the extent Plaintiff is asserting a separate claim for "gross negligence", the claim is dismissed.

applicable federal regulations in effect at the time of Honeywell's operations and that Honeywell's violations proximately caused Plaintiff injuries:

> Defendant contributed to the Decedent's overexposure to radiation through actions which contributed to airborne particulate matter containing radionuclides to contaminate the Decedent's property in excess of 10 C.F.R. § 20.1301, *et seq*. (and its predecessors) by: (1) failing to properly contain enormous clouds of dust and excessive airborne particulate matter containing radioactive isotopes of uranium, thorium, radium, plutonium and their daughter products, which now contaminate Decedent's property; and (2) failing to properly design, manage, repair, and operate the Plant.
> *Id*. 25-26 ¶ 30.

Plaintiff has alleged sufficiently stated a negligence action under the Act. Accordingly, Honeywell's motion to dismiss is denied as to Plaintiff's negligence claim.

***Ultrahazardous/Strict Liability***

In Illinois, "[a] defendant who performs an abnormally dangerous or ultrahazardous activity is subject to liability for harm to the person, land, or chattels of a plaintiff resulting from the activity, although the defendant has exercised the utmost care to prevent the harm." *In re Chicago Flood Litig.*, 176 Ill. 2d 179, 208, 680 N.E.2d 265, 279 (1997), holding modified by *Andrews v. Metro. Water Reclamation Dist. of Greater Chicago*, 2019 IL 124283, 160 N.E.3d 895; *See Restatement (Second) of Torts* § 519, at 34 (1977).

Allowing a claim for ultrahazardous/strict liability would be inconsistent with the PAA and would create the possibility that Honeywell would meet the federal standard of care mandated, but still be held strict liable under Illinois state law. *See* W*ilcox,* 401 F.Supp.2d at 1201; *Koller v. Pinnacle West Capital Corp.,* 2007 WL 446357, at *3 (D. Ariz. Feb. 6, 2007) (granting motion to dismiss strict liability count); *McLandrich v. So. Cal. Edison Co.,* 942 F.Supp. 457, 465 n. 7 (S.D. Cal. 1996) (noting that "applying the 'ultrahazardous activities' doctrine here would be clearly inconsistent with the Price–Anderson Act."); *Adkins,* 960 F.Supp.2d at 766, 768 (same in uranium

exposure case). Therefore, Plaintiff's ultrahazardous/strict liability claim is dismissed with prejudice as preempted by the PAA.

***Wrongful Death***

The Illinois Wrongful Death Act provides a cause of action, "[w]henever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof." 740 Ill. Comp. Stat. 180/1; *Williams v. Manchester,* 888 N.E.2d 1, 10 (2008). The Act "incorporates into the statutory right of action the familiar concepts of tort liability – negligence, contributory negligence, and the like." *Williams,* 888 N.E.2d at 12. A wrongful death action allows the next of kin "to recover damages for their own loss based on the wrongful actions of another," and "is premised on the deceased's potential, at the time of death, to initiate an action for injury." *Wyness v. Armstrong World Indus., Inc.,* 546 N.E.2d 568, 571 (1989).

Here, Plaintiff's wrongful death claim is based on Honeywell's alleged negligence in violating the applicable federal regulations by, among other actions, emitting enough uranium to cause a dose at Decedent's property in excess of federal limits. Given that Plaintiff's negligence action is not inconsistent with the PAA, the wrongful death claim also survives.

***The Price Anderson Act***

A plaintiff must establish four elements to prevail on a claim under the PAA: (1) defendant released radiation into the environment in excess of federal regulatory limits; (2) plaintiff was exposed to this radiation; (3) plaintiff has injuries; and (4) radiation was the cause of those injuries. *See In re TMI*, 67 F.3d at 1119. Honeywell argues that Plaintiff has failed to state a cognizable claim under the PAA because: (1) Plaintiff fails to allege that Decedent was exposed to radiation in excess of the Nuclear Regulatory Commission ("NRC") qualifying radiation dose limits; (2)

Plaintiff has failed to plead exposure in terms of a "total effective dose equivalent" ("TEDE") – which Honeywell maintains is "a necessary element of a PAA claim"; and (3) Plaintiff failed to plead actually exposure to an NRC-defined qualifying level of radiation.

Honeywell's arguments place a higher burden on Plaintiff than required under the federal rules. It cites *O'Conner v. Commonwealth Edison Co*., 13 F.3d at 1105 and *Carey v. Kerr-McGee Chem. Corp*., 60 F.Supp.2d 800, 811 (N.D. Ill. 1999) for the proposition that failure to plead specific exposures that exceed the NRC-defined limits is a basis for dismissal. In *O'Connor*, the Seventh Circuit affirmed summary judgment for the defendant because plaintiff could not show that federal safety standards regarding permissible radiation doses were exceeded. *O'Conner*, 13 F.3d at 1107. Similarly, *Carey* was also decided on summary judgment after extensive discovery failed to establish evidence that defendant exceeded the federal dose limits. *Carey*, 60 F.Supp.2d at 811.

True, Plaintiff will ultimately need to prove exposure to radiation in excess of the maximums established by the federal safety regulations to prevail on a PAA claim. But, at the pleading stage, Plaintiff is not required to identify the specific doses and regulations underlying the alleged violations. *See Johnson v. Wattenbarger*, 361 F.3d 991, 994 (7th Cir. 2004) ("the federal rules do not require plaintiffs to plead either facts or law."). *F.R.C.P*. 8 only requires notice pleading, and Plaintiff's allegations are more than adequate to put Honeywell on notice of the claims asserted against it. Viewed in the light most favorable to Plaintiff, the Complaint states a viable claim.

## Conclusion

For the foregoing reasons, Defendant Honeywell International, Inc.'s Motion to Dismiss (Doc. 14) is **GRANTED** as to Plaintiff's ultrahazardous/strict liability claim and otherwise **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 5, 2022**

**STACI M. YANDLE**
**United States District Judge**