IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KRISTI BURNETT**<br><br>  Plaintiff,<br>vs.<br><br>**HONEYWELL INTERNATIONAL, INC.,**<br><br>  Defendant.<br><br>**SHANNON DASSING, Individually and as, Executrix of Stephen Krueger, Decedent**<br><br>  Plaintiff,<br>vs.<br><br>**HONEYWELL INTERNATIONAL, INC., a Delaware corporation, individually and as successor-in-interest to Allied-Signal, Inc.,**<br><br>  Defendant.<br><br>**PATRICIA HUGHES,**<br><br>  Plaintiff,<br>vs.<br><br>**HONEYWELL INTERNATIONAL, INC.,**<br><br>  Defendant.<br><br>**TERESA RUSSELL**<br><br>  Plaintiff,<br>vs.<br><br>**HONEYWELL INTERNATIONAL, INC.,**<br><br>  Defendant.<br><br>**AUTUMN FUNKHOUSER-WARD,**<br><br>  Plaintiff, | Case No. 3:22-cv-02114-SMY<br><br>(*Consolidated with 3:21-cv-00485* [Master Consolidated Case], *3:22-cv-01661, 3:22-cv-02112, and 3:22-cv-02344*) |

1

vs.

**HONEYWELL INTERNATIONAL, INC.,**

Defendant.

**HONEYWELL INTERNATIONAL INC.'S**
**MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

COMES NOW Defendant Honeywell International Inc. ("Honeywell"), pursuant to Federal Rule of Civil Procedure 56 and SDIL-LR 7.1(c), and for its Motion for Summary Judgment against Plaintiff Kristi Burnett ("Plaintiff") and Memorandum in Support thereof, states as follows:

**INTRODUCTION**

This is a recently filed lawsuit in a growing series of cases filed by the same lawyers against Honeywell for damages allegedly caused by industrial operations at Honeywell's facility in Metropolis, Illinois (the "Facility"). The other actions pending against Honeywell in this Court include:

- a class action asserting property-damage and medical monitoring claims on behalf of a putative class of individuals who own property near the Facility, *Steward v. Honeywell Int'l, Inc.,* No. 3:18-cv-01124-SMY (S.D. Ill. filed May 16, 2018) ("*Steward*");

- claims by the City of Metropolis and the County of Massac alleging damage to City and County property, *City of Metropolis & County of Massac v. Honeywell Int'l, Inc.*, No. 3:21-cv-00860-SMY (filed July 27, 2021); and,

- claims by the estates of persons who lived near the Facility, *Dassig v. Honeywell Int'l, Inc.*, Case No. 3:21-cv-00485-SMY (S.D. Ill. filed May 14, 2021); *Bass v. Honeywell Int'l, Inc.*, No. 3:23-cv-00002-SMY (S.D. Ill. filed Jan. 3, 2023).

The present case, filed on September 9, 2022, is one of four personal injury actions filed by plaintiffs' counsel in the latter half of 2022. *See Hughes v. Honeywell Int'l, Inc.*, No. 3:22-cv-01661 (filed July 26, 2022); *Russell v. Honeywell Int'l, Inc.*, No. 3:22-cv-02114 (filed Sept. 9, 2022); *Funkhouser-Ward v. Honeywell Int'l, Inc.*, No. 3:22-cv-02344-SMY (filed Oct. 10, 2022). By agreement of the parties, abbreviated depositions of three of the personal injury plaintiffs were conducted shortly after the cases were filed. On November 1, 2022, Honeywell took the deposition of Plaintiff in this case. The full transcript of the deposition of Plaintiff is attached hereto as **Exhibit A**.

Plaintiff's First Amended Complaint was filed on April 10, 2023 and brings two personal injury counts: Count I alleges violations of the Price-Anderson Act and Count II alleges negligence. Doc. 19, First Am. Compl. at VI, ¶¶ 1-19; VII, ¶¶ 1-6. Based on the allegations in the First Amended Complaint and the deposition testimony of Plaintiff, Honeywell now moves for summary judgment because the two-year statute of limitations applicable to Plaintiff's claims (735 ILCS § 5/13-202) has run.

Plaintiff was diagnosed with thyroid cancer in 2012. At that time, she knew that the Facility utilized radioactive material, had experienced an evacuation from her home near the Facility that she understood to have potentially involved radioactive material, and knew that radiation could cause cancer. Having suffered the injury and acquired knowledge that it may have been wrongfully caused, her claims accrued in 2012 and the two-year statute of limitations ran in 2014.

Years later, in or before 2018, Plaintiff engaged her lawyers because she thought her cancer may be related to the Facility and that the lawyers would investigate this connection and pursue a claim on her behalf against Honeywell. There is no dispute of material fact that she engaged her lawyers in or before 2018, when she met with them for the purpose of having them investigate her

3

potential claims. Accordingly, even if Plaintiff's 2012 injury and knowledge somehow did not trigger the statute of limitations, her claim certainly accrued no later than upon her engagement of counsel in or before 2018—the latest possible date that could be inferred in Plaintiff's favor on the posture of this motion for summary judgment. Two years from then was 2020, two years before the original Complaint was filed on September 9, 2022. Neither the discovery rule nor any other doctrine justifies or could justify Plaintiff's delay in bringing these claims. Plaintiff's suit is untimely and must be dismissed.

## STATEMENT OF FACTS

Since 2016, Plaintiff has lived in Paducah, Kentucky, which is more than 3-miles away from the Facility. *See* Burnett Dep. at 10:7-8; 17:13-18. Prior to 2016, and for about 15-20 years total, Plaintiff lived at addresses in Metropolis within one to two miles from the Facility.[1]

During the time she lived near the Facility, Plaintiff does not remember ever hearing sirens from the Facility. Burnett Dep. at 22:13-17. She remembers an instance that occurred between the years 2000 and 2008 when, at about 2:00 or 3:00 a.m., an individual knocked on her door to wake her up and inform her that she needed to evacuate because there was a "leak" or release from the Facility. Burnett Dep. at 22:13-25:10 (Plaintiff does not recall if the individual was a police officer or other health or safety official). Plaintiff evacuated to Baptist Hospital in Paducah where she worked at the time, stayed there that day until her shift ended, then returned home. Burnett

---

[1] Plaintiff lived in Metropolis within one or two miles of the Facility in approximately: 1969 to 1974 (Burnett Dep. at 10:13-20); 1990 to 1994 (Burnett Dep. at 13:10-14:13); and, 1996 to 2006 (Burnett Dep. at 15:24-16:7). From about 2006 to 2016 Plaintiff lived in Calvert City, Kentucky. Burnett Dep. at 17:4-12. Plaintiff lived at other times in nearby towns, including Grantsburg, Illinois, Vienna, Illinois, and Paducah, Kentucky. Burnett Dep. at 11:18-12:18; 13:2-15:23; 17:13-23. *See also* Burnett Dep. at 21:16-22:9 (clarifying that Plaintiff's distance estimate of "5 minutes" means by car – about one or two miles from the Facility). *See also* First Am. Compl. at II; III; V, ¶ 22.

Dep. at 23:8-24:10; 26:7-20. When this occurred, Plaintiff understood that the Facility was working with radioactive materials and she figured it had to be a release of radioactive material coming out of the plant. Burnett Dep. at 25:12-14; 26:2-6.

In 2012, Plaintiff was diagnosed with thyroid cancer by Dr. Resser at Baptist Hospital. Burnett Dep. at 40:24-42:2. Dr. Resser performed biopsy tests for Plaintiff to identify the cancer in about August of that year, and in September, Plaintiff underwent surgery to have her thyroid removed. Burnett Dep. at 41:23-42:24. When she was diagnosed in 2012, Plaintiff was aware that radiation can cause cancer, though she testifies she did not at that time associate her cancer with potential radiation from the Facility. Burnett Dep. at 57:8-15.

At some point in or before 2018, Plaintiff learned of the lawsuits against Honeywell when she saw a news piece on Channel 6 that explained that the Kruger Law Firm was investigating claims against Honeywell for anyone who lived within a certain distance of the Facility. Burnett Dep. at 29:12-30:11; 31:15-31:19. Around the time she saw that news piece, Plaintiff was aware that her uncle, Stephen Krueger, had signed up with the Kruger Law Firm. Burnett Dep. at 28:24-29:19.[2] The news piece prompted her to meet with the law firm because she wanted them to investigate if her cancer was related to the Facility. Burnett Dep. at 30:12-31:11; 56:6-57:24. At the time Plaintiff heard that piece on the news, she thought that her cancer could potentially be related to the Facility. Burnett Dep. at 44:18-21. Although she could not remember the exact date that she met with the law firm, it was while she was still working at Baptist Hospital, which she ceased working at in 2018. Burnett Dep. at 31:12-32:19; 38:7-21 (Plaintiff then worked at Walmart from 2019 to early 2022, which she left to care for her father until he passed in February

---

[2] Mr. Krueger passed in May 2019; in May 2021, the wrongful death suit *Dassig* was filed against Honeywell by Shannon Dassig, individually and as executrix of Mr. Krueger. *See* Doc. 1, Compl., at p. 2, *Dassig v. Honeywell Int'l, Inc.*, No. 3:21-cv-00485-SMY (S.D. Ill. filed May 14, 2021).

2022). Plaintiff remembers completing a questionnaire with the law firm during the initial meeting in or before 2018, but does not recall when she signed a contract with the law firm. Burnett Dep. at 32:20-33:19.

The Kruger Law Firm has been serving as plaintiffs' counsel in all of the Facility-related lawsuits filed against Honeywell in this Court since 2018. Notably, Plaintiff is not a putative class member in *Steward* because she does not live in Metropolis or within three miles of the Metropolis Facility. *See* Second Am. Compl, No. 3:18-cv-01124-SMY, at ¶ 267 (defining the class as "[a]ll property owners within the town of Metropolis, Illinois, and property owners within 3 miles of the Defendant Honeywell's Plant."). Since 2016, Plaintiff has lived in Paducah, Kentucky, more than 3-miles away from the Facility. See Burnett Dep. at 10:7-8; 17:13-20.

## LEGAL STANDARDS

### I. Summary Judgment Standard

Summary judgment should be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether there is a genuine issue of material fact, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once the moving party has met that burden, the nonmoving party may not rest on the allegations in the pleadings, but must, by affidavit or other evidence, set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56; *Liu v. T & H Mach., Inc.,* 191 F.3d 790, 794-795 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (1986). "If no genuine issue of material fact exists, the sole question is whether the moving party is entitled

to judgment as a matter of law." *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (internal citation omitted).

## II.     Applicable Two-Year Statute of Limitations at 735 ILCS § 5/13-202

The General Assembly has provided that a personal injury action for damages must be brought within two years after the action accrues. 735 ILCS § 5/13-202; *Golla v. General Motors Corp.*, 657 N.E.2d 894, 897 (Ill. 1995). Section 5/13-202 applies to Plaintiff's claims seeking damages from Honeywell for alleged personal injuries.[3]

Generally, a personal injury claim accrues when the plaintiff suffers injury. *Golla*, 657 N.E.2d at 898. Plaintiffs may, however, invoke the discovery rule to delay the commencement of the limitations period. *Id.* The discovery rule provides that the statute of limitations begins running "when a person knows or should know, through reasonable investigation, of the injury and its wrongful causation." *Healy v. Owens-Illinois, Inc.*, 833 N.E. 2d 906, 910 (Ill. App. Ct. 2005). The plaintiff invoking the discovery rule carries the burden of "proving the date of discovery." *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1138 (Ill. 1995). While it is not necessary that "a plaintiff know with precision the legal injury that has been suffered," the statute of limitations begins running when "the plaintiff possesses sufficient knowledge of his injury and its cause such that would place a reasonable person on notice to ascertain its source and whether legally actionable conduct was involved." *Healy*, 833 N.E.2d at 910-913. The discovery rule dictates that "once it reasonably appears that an injury was wrongfully caused, the party may not slumber on [their] rights." *Nolan v. Johns-Manville Asbestos*, 421 N.E.2d 864, 868 (Ill. 1981). Granting summary judgment on statute of limitations grounds in personal injury actions is

---

[3] *See* First Am. Compl. (styled "First Amended Complaint for Personal Injury") at ¶¶ 96, 103, 110, Prayer for Relief.

appropriate where "the facts are undisputed and only one conclusion may be drawn from them." *Id.* at 868–69.

## ARGUMENT

I. **Plaintiff's claims are barred by the two-year statute of limitations at 735 ILCS § 5/13-202**

Plaintiff brings this case for damages related to her development of thyroid cancer. First Am. Compl. at V, ¶ 26. Plaintiff has known of her injury since 2012, ten years prior to filing the original Complaint on September 9, 2022. Burnett Dep. at 40:24-42:2 (2012 diagnosis by Dr. Resser). By the time she was diagnosed, and although Plaintiff did not at time of diagnosis draw a connection between her injury and the Facility, Plaintiff understood that the Facility worked with radioactive materials, that the release which prompted her evacuation at some point between 2000 and 2008 may have been of radioactive material, and that radiation can cause cancer. Burnett Dep. at 25:12-14; 26:2-6; 44:18-45:3; 57:8-15.

Under Illinois law, Plaintiff's diagnosis and her knowledge that it may have been wrongfully caused—both of which were present in 2012—triggered the running of the statute of limitations. *See Hadley v. AstraZeneca Pharms. PLC*, No. 18-CV-1068-JPG-DGW, 2018 WL 4491184, at *6 (S.D. Ill. Sept. 19, 2018) ("Although the date of [the plaintiff's] alleged injury is unclear, the most recent date he knew or should have known of that injury was 2008 when he was diagnosed with Brugada syndrome. To be within the statute of limitations, he would have had to have filed his lawsuit within two years of his diagnosis."); *Solis v. BASF Corp.*, 979 N.E.2d 419, 430 (Ill. App. Ct. 2012) ("[T]he limitations period commences when the plaintiff is injured, rather than when the plaintiff realizes the consequences of the injury or the full extent of her injuries").

8

The statute of limitations began running in 2012 irrespective of whether Plaintiff then had a factual basis or technical theory to connect the Facility to her injuries; her duty of inquiry arose when she knew of her injury and had knowledge about its potential cause. *See Carlson v. Fish*, 31 N.E.3d 404, 411 (Ill. App. Ct. 2015) ("The law is well settled that once a party knows or reasonably should know both of his injury and that it was wrongfully caused, the burden is upon the injured person to inquire further as to the existence of a cause of action."); *Mitsias v. I-Flow Corp.*, 959 N.E.2d 94, 105 (Ill. App. Ct. 2011) ("[P]laintiff's duty of inquiry begins well before she can be certain that defendant's conduct satisfies all elements of a particular cause of action, as long as she is aware that her injury might have been 'wrongfully caused' in a general, non-technical sense.").

Despite her diagnosis and knowledge in 2012, Plaintiff may contend that it was not until her interactions with the Kruger Law Firm that her claim accrued. But even then, Plaintiff's claims would still not be timely because she engaged the Kruger Law Firm to investigate the claims in or before 2018 because she wanted them to investigate if her cancer was related to the Facility. Burnett Dep. at 30:12-31:11; 56:6-57:24. Plaintiff engaged her counsel, at the very latest, in 2018 based on her testimony that she did so while she was still working at Baptist Hospital (which she ceased working at in 2018). Burnett Dep. at 31:12-32:19; 38:7-21. Thus, the limitations period would have expired in 2020, two years before the original Complaint was filed on September 9, 2022.

When Plaintiff engaged her attorneys, she was on notice that her injury may have been wrongfully caused. *See Hoffman v. Orthopedic Sys., Inc.*, 765 N.E.2d 116 (Ill. App. Ct. 2002). In *Hoffman*, the plaintiff awoke from a spinal surgery with a series of injuries caused during the surgery. *Id.* at 119. Shortly after the surgery, medical personnel at the hospital gave her varied explanations for what had potentially gone wrong. *Id.* (plaintiff received "a different story from

9

everybody"). Within six months of the surgery, plaintiff retained an attorney to investigate, requesting that the attorney "look into whether or not there was any doctor malpractice relating to what had happened." *Id.* The record before the court did not contain evidence showing any results of that requested investigation. *Id.* at 122. In April 1998, plaintiff returned to the same hospital for knee surgery and was told by a physician that an internal hospital investigation had led doctors to conclude that her injuries from the 1995 surgery were caused by the spinal surgery table used for the surgery. *Id.* at 119-20. The next month, plaintiff sued the manufacturer of the table and the surgeons. *Id.* at 120. The manufacturer moved for summary judgment on statute of limitations grounds, which the circuit court granted and the appellate court affirmed. *Id.* The appellate court explained:

> Significantly, plaintiff retained an attorney within six months of her 1995 operation, demonstrating that she then was on inquiry as to whether the injury was wrongfully caused, thereby commencing the two-year limitations period within which to take appropriate legal action. Her own reported conversations with medical personnel and her retention of an attorney to investigate demonstrated that she knew she had suffered an injury and that the injury may have been wrongfully caused.

*Id.* at 122. Thus, the plaintiff's duty to investigate her claims accrued not when she had a clear theory about the cause of the injury, but rather when she "knew she had suffered an injury and that the injury may have been wrongfully caused." *Id.*; *accord Carlson v. Fish*, 31 N.E.3d at 411; *Mitsias v. I-Flow Corp.*, 959 at 105.

Accordingly, even if Plaintiff's claims here did not accrue when she was diagnosed in 2012, they necessarily accrued in or prior to 2018 when she engaged her counsel to pursue them. *See Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980 (Ill. 1981) (noting that "the acquisition of knowledge that one has a cause of action against another for an injury he has suffered" is more than what is required to trigger the running of the limitations period); *see also Paulsen v. Abbott*

10

*Lab'ys.*, 39 F.4th 473, 477-78 (7th Cir. 2022) (holding that the plaintiff's complaint was time-barred where, among other events, the plaintiff's cousin made a post four years prior to the lawsuit alleging that the plaintiff's injury was caused by the defendant and suggesting starting a class action lawsuit about the issue).

Relatedly, the discovery rule does not support the timeliness of Plaintiff's claims.[4] Plaintiff had knowledge of her injury and its potential cause when she was diagnosed in 2012. Burnett Dep. at 25:12-14; 26:2-6; 44:18-45:3; 57:8-15. And, she asked an attorney to investigate this theory in or before 2018. Burnett Dep. at 31:12-32:19; 38:7-21. Either one of these events is sufficient under the law to trigger the statute of limitations, even under the discovery rule. The material facts show Plaintiff's claims are untimely and must be dismissed.

**II.     No Other Legal Doctrine Justifies Plaintiff's Failure to Timely Bring Her Claims**

   A.     <u>The *American Pipe* tolling doctrine does not apply to Plaintiff's claims because, among other reasons, Plaintiff is not a putative class member in *Steward*</u>

Under the *American Pipe* doctrine, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). The purpose of the doctrine tolling the statute of limitations applicable to individual class members is to protect their respective claims. *Collins v. Vill. of Palatine, Illinois*, 875 F.3d 839, 845 (7th Cir. 2017); *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 615 (7th Cir. 2020) ("The *American Pipe* rule eliminates the need for members of the putative class to rush to

---

4  It is Plaintiff's burden to invoke the discovery rule and affirmatively prove the date of discovery. *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1138 (Ill. 1995). Plaintiff has not pled or otherwise established facts sufficient to invoke the discovery rule.

11

court to protect their rights while class certification is still pending and uncertain in the original action.").

Plaintiff may argue, relying on the *American Pipe* doctrine, that the filing of the *Steward* class action in 2018 tolled her claims. But Plaintiff is not a putative class member in *Steward* because she does not live in Metropolis or within 3 miles of the Metropolis Facility. *See* Second Am. Compl., No. 3:18-cv-01124-SMY, at ¶ 267 (defining the class as "[a]ll property owners within the town of Metropolis, Illinois, and property owners within 3 miles of the Defendant Honeywell's Plant."). Since 2016, Plaintiff has lived in Paducah, Kentucky, which is more than 3 miles away from the Facility. Burnett Dep. at 10:7-8; 17:13-18. The *American Pipe* tolling doctrine thus does not apply to Plaintiff's claims.[5]

### B. Equitable tolling does not excuse Plaintiff's untimely claims

"The doctrine of equitable tolling permits a court to excuse a plaintiff's failure to comply with a statute of limitations where 'because of disability, irremediable lack of information, or other circumstances beyond his control,' the plaintiff cannot reasonably be expected to file suit on time." *Williams v. Bd. of Rev.*, 948 N.E.2d 561, 567 (Ill. 2011) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)).

---

[5] Even if Plaintiff was a putative class member in *Steward*, her claims here would still not be tolled under *American Pipe* because they are different from the plaintiffs' claims in *Steward*. Here, Plaintiff alleges personal injury, not property damage or medical monitoring as in *Steward*. The pendency of a property damage/medical monitoring class action cannot toll a personal injury/wrongful death case under *American Pipe*. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983) (*American Pipe* "should not be read, however, as leaving a plaintiff free to raise different or peripheral claims following denial of class status. . . . Claims as to which the defendant was not fairly placed on notice by the class suit are not protected under *American Pipe* and are barred by the statute of limitations.") (Powell, J., concurring); *Zarecor v. Morgan Keegan & Co.*, 801 F.3d 882, 892 (8th Cir. 2015) (holding that American Pipe does not "toll the time limits for state-law claims that were not pleaded in the [] class action."); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 9 CV 3690, 2015 WL 3988488, at *30 (N.D. Ill. June 29, 2015) ("American Pipe does not apply to toll new claims. . . . Because these three claims did not appear in the [original] complaint, they are time barred, and *American Pipe* tolling cannot save them.").

Honeywell anticipates that Plaintiff may argue that her claims should be equitably tolled because they involve complicated factual matters of which she was not sufficiently apprised until sometime within the two years preceding the filing of her original Complaint (from September 9, 2020 to September 9, 2022). This argument fails in light of the material facts. First, Plaintiff received her thyroid cancer diagnosis in 2012 and at that time understood that the Facility worked with radioactive materials, that the release which prompted her evacuation at some point between 2000 and 2008 may have been of radioactive material, and that radiation can cause cancer. Burnett Dep. at 25:12-14; 26:2-6; 44:18-45:3; 57:8-15. Plaintiff had already lived within a mile or two of the Facility for 15-20 years total. Plaintiff had sufficient notice of her injury and that it may have been wrongfully caused, even if she did not at that time draw a connection between her injury and the Facility specifically. *See Carlson v. Fish*, 31 N.E.3d at 411; *Mitsias v. I-Flow Corp.*, 959 at 105.

Second, even putting aside her years of awareness of the Facility and its operations with radioactive materials, Plaintiff engaged her counsel *at the very latest* in 2018 to investigate the potential connections between the Facility and her cancer. *See* Burnett Dep. at 30:12-31:11; 56:6-57:24. These circumstances show that, far from suffering from an "irremediable lack of information" (*see Williams*, 948 N.E.2d at 567), Plaintiff had ample notice regarding both her injury and its potential alleged causes. The facts do not and cannot support the application of equitable tolling.

    C.    <u>The continuing violation rule is inapplicable to this case</u>

The continuing violation rule applies where a tort involves "a continuing or repeated injury." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003). In such a case, the statute of limitations does not begin to run "until the date of the last injury or the date the tortious acts cease."

13

*Feltmeier*, 798 N.E.2d at 85; *see also LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 951 (7th Cir. 2019). The purpose of the continuing violation doctrine is to prevent the statute of limitations from "preclud[ing] claims before they are ripe for adjudication." *Feltmeier*, 798 N.E.2d at 88.

Plaintiff alleges that exposure to radiation from the Facility while she lived within close proximity to the Facility caused her cancer. First Am. Compl. at II; III; V, ¶¶ 22, 29-33. Plaintiff's First Amended Complaint does not allege that the Facility continued to harm Plaintiff once she moved out of Metropolis in 2006. *See, e.g.*, First Am. Compl. at II; V, ¶¶ 24, 31, 56-66; VI, ¶¶ 2-3, 8, 14, VII, ¶ 6 (alleging only past harm). Accordingly, on the face of Plaintiff's First Amended Complaint and as confirmed in her testimony,[6] the latest conceivable date Plaintiff could allege any violation "continued to" was 2006. In light of Plaintiff's 2012 diagnosis and the latest date that she would have engaged counsel (in or before 2018), the continuing violation doctrine is inapplicable to this case.

## CONCLUSION

For the reasons set forth herein, Defendant Honeywell International Inc. respectfully asks the Court to grant its Motion for Summary Judgment and dismiss the First Amended Complaint of Plaintiff Kristi Burnett.

---

[6] Since 2016, Plaintiff has lived in Paducah, Kentucky, which is more than 3 miles away from the Facility. *See* Burnett Dep. at 10:7-8; 17:13-20. From about 2006 to 2016, Plaintiff lived in Calvert City, Kentucky. Burnett Dep. at 17:4-12.

Dated:  May 8, 2023                          Respectfully submitted,


                                             By:  */s/ John E. Galvin*
                                                  John E. Galvin, #6205935
                                                  Suzanne P. Galvin, #6209276
                                                  THOMPSON COBURN LLP
                                                  One US Bank Plaza
                                                  St. Louis, MO  63103
                                                  (314) 552-6341
                                                  (314) 552-7000 (Fax)
                                                  jgalvin@thompsoncoburn.com
                                                  sgalvin@thompsoncoburn.com

                                                  Stephanie B. Weirick (*Pro Hac Vice*)
                                                  Kenneth L. Chernof (*Pro Hac Vice*)
                                                  Michael D. Daneker (*Pro Hac Vice*)
                                                  Arnold & Porter Kaye Scholer LLP
                                                  601 Massachusetts Ave., NW
                                                  Washington, DC  20001
                                                  (202-942-5000
                                                  Stephanie.weirick@arnoldporter.com
                                                  Ken.chernof@arnoldporter.com
                                                  Michael.Daneker@arnoldporter.com

                                                  *Attorneys for Defendant*
                                                  *Honeywell International Inc.*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 8th day of May, 2023, a copy of the foregoing was filed using the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

James F. Clayborne, Jr.
CLAYBORNE & WAGNER LLP
525 W. Main Street, Suite 105
Belleville, IL 62220
Tel: 618-239-0187
jclayborne@cswlawllp.com

Katrina Carroll
Nicholas R. Lange
Kyle Shamberg
LYNCH CARPENTER, LLP
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Tel: 312-750-1265
katrina@lcllp.com
nickl@lcllp.com
kyle@lcllp.com

Richard K. Kruger
KRUGER FIRM
110 W. Fifth Street
Metropolis, IL 62960
Tel: 618-524-9302
richard@richardkrugerlaw.com

Paul F. Henry
PAUL HENRY LAW FIRM
508 Market Street
Metropolis, IL 62960
Tel: 618-744-6633
paul@paulhenrylaw.com

Celeste Brustowicz
Victor T. Cobb
COOPER LAW FIRM, LLC
1525 Religious Street
New Orleans, LA 70130
Tel: 504-399-0009
cbrustowicz@clfnola.com
vcobb@clfnola.com

Kevin W. Thompson
David R. Barney, Jr.
Stephen Wussow
THOMPSON BARNEY
2030 Kanawha Boulevard, East
Charleston, WV 25311
Tel: 304-343-4401
kwthompsonwv@thompsonbarneylaw.com
drbarneywv@gmail.com
swussow@thompsonbarneylaw.com

Ron A. Austin
RON AUSTIN & ASSOCIATES, LLC
400 Manhattan Blvd.
Harvey, LA 70058
Tel: 504-227-8100
raustin@ronaustinlaw.com

*COUNSEL FOR PLAINTIFF*

             */s/ John E. Galvin*