IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANNON DASSING, Individually and as Executrix of STEPHEN KRUEGER, Decedent,<br><br>Plaintiff,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Master Case No. 21-cv-485-SMY<br>)<br>)  (Consolidated with Case Nos. 22-cv-1661,<br>)  22-cv-2112, 22-cv-2114, 22-cv-2344, and<br>)  23-cv-2)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs filed this action against Defendant Honeywell International Inc., alleging that Honeywell's Metropolis Works facility (the "Facility") which makes uranium hexafluoride ("UF6") has contaminated Metropolis, Illinois with radioactive and other toxic materials. Plaintiffs allege violations of the Price Anderson Act ("PAA"), 42 U.S.C. § 2210 *et seq.*, state law claims, and violations of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* Now pending before the Court is Honeywell's Motion to Seal or Redact Export Controlled Information (Doc. 138). Honeywell seeks leave to redact or seal certain documents that will be utilized in support of summary judgment and motions to exclude expert testimony.

The Seventh Circuit has articulated a rigorous standard for demonstrating good cause to seal documents. While "[s]ecrecy is fine at the discovery stage, before the materials enter the judicial record," "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of

trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010).

The Facility is the only UF6 conversion facility in the United States. Honeywell moves to seal the Internal Dosimetry Technical Basis Manual maintained by the Facility which instructs on the assessment of dose for occupational purposes. Honeywell asserts that the Manual is export controlled under the export control regulations, the Department of Energy regulations for export, and the Nuclear Regulatory Commission regulations governing plant operations because it contains sensitive information about the composition of yellow cake material on site before and during the process to convert the yellow cake to UF6, as well as information about the methods applied in the conversion process to generate UF6.

Honeywell also moves to redact several documents: "FERMCO Document Package"; "Letter re: FERMCO Plutonium"; the "Kaltofen Final Report"; and the "Borch Revised Expert Report". The FERMCO documents contain information regarding the composition of the green salt that is used in and created by the UF6 conversion process. The expert reports contain images of particles Plaintiffs collected at the Facility during the conversion process. Honeywell asserts that these documents are *likely* export controlled under federal regulations because they contain sensitive information about the composition of materials and the conversion process.[1]

---

[1] While the Court notes that documents and information subject to export control regulations and laws must be sealed or redacted on the docket, it is concerned with Honeywell's assertion that documents are "likely" export controlled, and cautions the parties that such equivocal assertions may not be sufficient.

Based on its review of the identified documents, the Court finds sufficient cause exists warranting sealing the Manual and redacting the remaining documents referenced in the motion. Accordingly, the Motion (Doc. 138) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  May 14, 2024**

**STACI M. YANDLE**
**United States District Judge**